Charles Lambíase, J.
Petitioners ask ‘ ‘ for an order annulling and setting aside the revocation of the license duly issued to M. J. M. Purchasing Corporation by you, as the Town Board of the Town of Irondequoit, New York, effective on the 19th day of August, 1961, at 11:59 o’clock p.m., and for a further order reinstating the said license and for such other and further relief as to the court may seem just and proper.” (Notice of motion dated Sept. 1, 1961.)
Respondents ask “ for an order pursuant to rule 112 of the Rules of Civil Practice, for judgment on the pleadings dismissing the petition herein on the grounds that the petitioners failed to state in their petition facts sufficient to constitute grounds for the relief sought therein, and granting judgment in favor of the respondents, with costs, and for such other and further relief as to the Court may seem just and proper.” (Notice of cross motion, dated Sept. 22, 1961.)
On the 22nd day of June, 1961 petitioner, M. J. M. Purchasing, Inc., was granted a license by the Town of Irondequoit, New York, allowing the occupation or business of a “ Co-Kart ” concession in said Town of Irondequoit, New York. Such license by its terms expires on December 31, 1961. Such a concession was erected at some cost upon the property of M. J. M. Purchasing, Inc., at 4822 Culver Road, in the Town of Irondequoit, County of Monroe, and State of New York, known as “ Boardwalk Amusement Park ”, and an inventory for the conduct of the business was purchased. On August 4, 1961 it was opened for business operated by petitioner, Kart-Ways, Inc., under lease dated July 7, 1961 with petitioner, M. J. M. Purchasing, Inc., reference to which lease is hereby made for the particulars thereof.
On August 18,1961 M. J. M. Purchasing, Inc., received a letter from the Clerk of the Town of Irondequoit stating that the *279 Town Board of the Town of Irondequoit had revoked the license in question, which revocation became effective on August 19, 1961 at 11:59 p.m. and still continues in effect. Operations continued until August 19, 1961 at 11:59 p.m. There were no reasons given for the revocation. There was no notice of any hearing given to nor was there any hearing held for either of the petitioners before the revocation became effective.
It is the contention of the petitioners that the action of the Town of Irondequoit in revoking the license was a unilateral act without any reason being given therefor and without any notice of hearing or without hearing as required by the State and Federal Constitutions and by section 137 of the Town Law of the State of New York and is, therefore, null and void.
It is the position of respondents that the license issued by the Town of Irondequoit on the 22nd day of June, 1961 to M. J. M. Purchasing, Inc., for the operation of ‘ ‘ Go-Karts ’ ’ in the Town of Irondequoit specifically and clearly stated ‘ ‘ this license is not transferable ’ ’; that M. J. M. Purchasing, Inc., secured said license under false representations and under the pretense that it was going to operate a ‘ ‘ Go-Kart ’ ’ concession whereas, in fact, the “Go-Kart” concession that was subsequently operated in the Town of Irondequoit, New York, under the license hereinbefore mentioned in the area known as the “ Boardwalk Amusement Park ” was operated by petitioner, Kart-Ways, Inc.; that Kart-Ways, Inc., at no time applied for a “ Go-Kart ” concession license from the Town of Irondequoit, New York; that at no time was a license issued by the Town of Irondequoit or anyone empowered to do so in its behalf to petitioner Kart-Ways, Inc.; and that the Town of Irondequoit, New York, never consented to or approved, either expressly or impliedly, the transfer of the license from petitioner, M. J. M. Purchasing, Inc., to Kart-Ways, Inc., from the time that the license was granted to the date that it was revoked. They urge that the town, its officers and officials, acted in good faith when it revoked the license herein.
Thereafter and on September 7, 1961 at a public meeting of the Town Board of the Town of Irondequoit, New York, M. J. M. Purchasing, Inc., appeared by attorney requesting that the said Town Board reinstate the ‘ ‘ Go-Kart ’ ’ license involved. Certain recommendations were discussed at that time, and the Town Board advised the attorney for the petitioner, M. J. M. Purchasing, Inc., that a special meeting would be called for September 14, 1961 with the attorneys for the respective parties, members of the Town Board, and the Chief of Police of the town to be present. Such special meeting was held on that date with the *280 afore-mentioned persons present, and the agenda thereof included an inspection of the premises in question. The meeting was adjourned and decision of the Town Board was reserved. To the date of the argument of these motions, the Town Board had not rendered its decision with respect to the matter.
The lease hereinbefore referred to provides: “ 16. * * * It is further understood and agreed that this lease shall be conditioned upon the Landlord obtaining a use or concession permit which will authorize the Tenant to conduct the intended business purpose herein i.e. go-kart track from the proper town and governmental officials. In the event the Landlord shall fail to procure said permit within ten (10) days from the date of the execution of this lease, or any subsequent season during the term herein, then and in that event this lease shall be null and void and neither party shall be obligated to perform herein.”
It is alleged in the petition verified by both petitioners “ That said G-o-Kart concession was to be operated by Kart-Ways, Inc., under the direct control of the owner of the property, to wit: M. J. M. Purchasing, Inc., as part of the Boardwalk Amusement Park operated and owned by M. J. M. Purchasing, Inc.” (Par. 8.) This allegation, insofar as it alleges that operation was to be “ under the direct control of the owner of the property, to wit: M. J. M. Purchasing, Inc., as part of the Boardwalk Amusement Park operated and owned by M. J. M. Purchasing, Inc.” is specifically denied by respondents. (Answer, par. 2.) No allegation is made in the petition that the town ever consented to or approved any transfer of the license from M. J. M. Purchasing, Inc., to petitioner Kart-Ways, Inc. In fact, we gain from the allegations of the petition that the position of M. J. M. Purchasing, Inc., and of Kart-Ways, Inc., is that the operation by the latter was in fact that of the former.
It would seem that whatever the rights of petitioner Kart-Ways, Inc., they have been acquired under the lease. In the light of the position taken by it, its quarrel, if any, is with M. J. M. Purchasing, Inc.; while the issue with reference to the license is distinctly between M. J. M. Purchasing, Inc., and respondents and not between Kart-Ways, Inc., and respondents.
We have concluded, therefore, that as to petitioner, Kart-Ways, Inc., the petition fails to state facts sufficient to entitle it to the relief sought. This leaves for consideration the issue between petitioner, M. J. M. Purchasing, Inc., and respondents, to which we now turn our attention.
Under article 9 (§ 137) of the Town Law of the State of New York, the Town of Irondequoit is given the power to enact *281 licensing ordinances for certain types of occupations. The question as io whether the concession herein licensed comes within the purview of this article has been assumed by the parties for the purposes of this proceeding. The license was issued to M. J. M. Purchasing, Inc., pursuant to section 137, and the license so states.
Section 137 aforesaid, after making provision for the issuance of licenses, at all times herein mentioned contained among other things the following provision: ‘ ‘ After a public hearing thereon at which the licensee shall have an opportunity to be heard, the town board may revoke any license issued under authority of this article to any applicant whom the town board shall determine to be an undesirable person or incapable of properly conducting the trade or business previously licensed. The granting, refusal or revocation of such license by the town board shall be subject to review by certiorari.”
Despite any ordinance of the Town of Irondequoit to the contrary, it seems to us that compliance with the quoted provision of section 137 of the Town Law is a prerequisite to the revocation of any license issued under authority of said section. Furthermore, due process required an appropriate hearing on notice before the town officials determined the question of the revocation herein. (Matter of Hecht v. Monaghan, 307 N. Y. 461.) No matter how true the grounds now stated for revocation by the respondents may be, petitioner, M. J. M. Purchasing, Inc., was entitled to due notice of hearing and to a fair hearing before the board before revocation. Section 137 hereinbefore quoted in requiring notice to the licensee before his or its license may be revoked must be construed to mean a notice which advises the licensee of the nature of the charge preferred against him. Otherwise, the license may be revoked and the licensee deprived of his property without due process of law. (Matter of Silverstein v. Mealey, 259 App. Div. 854.) This procedure was not followed and we do not consider that the proceedings had following the revocation on September 7,1961 and September 14,1961 have any bearing on the question before us, namely, "whether the steps taken by the board accorded petitioner, M. J. M. Purchasing, Inc., prior to the revocation of its license met the minimal statutory and constitutional requirements.
In the light of the foregoing, we have concluded that the revocation of the license of petitioner, M. J. M. Purchasing, Inc., is entirely unauthorized and contrary to law. Such revocation, therefore, must be and hereby is annulled and cancelled, and respondents are forbidden and enjoined from in any way acting thereon, without prejudice, of course, to the respondents giving *282 petitioner, M. J. M. Purchasing, Inc., a new hearing, on due notice, conducted in accordance with rules of law and justice.
The petition, therefore, must he and hereby is granted, without costs, for an order annulling and setting aside the revocation of the license heretofore duly issued to M. J. M. Purchasing, Inc., by respondents, the Town Board of the Town of Irondequoit, New York, effective on the 19th day of August, 1961 at 11:59 p.m. and for a further order, without costs, reinstating said license. As to Kart-Ways, Inc., for the reasons herein-before set forth, the petition must be and hereby is dismissed, without costs.
Respondents’ application for an order for judgment on the pleadings herein dismissing the petition on the grounds herein-before specifically set forth and granting judgment in favor of the respondents, with costs must be and hereby is in all respects denied, without costs, and without prejudice to the respondent Town Board giving the petitioner, M. J. M. Purchasing, Inc., a new hearing, on due notice, conducted in accordance with rules of law and justice.